**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**TYHEEM ALLAH,**

                                    **Plaintiff,**

                                   **v.**                                  **9:02-CV-175**
                                                                                **(FJS/DRH)**

**HANS WALKER,** Superintendent; **JAMES J. PERKINS,**
Prison Lieutenant; **R. ASHBY,** Prison Lieutenant;
**RONALD F. NELSON,** Deputy Superintendent for
Programs; **JERRY MORGAN,** Prison Guard; **CHERYL
PARMITER,** Inmate Grievance Supervisor; **SGT.
LETOURNEAU,** Prison Sergeant; **CAPTAIN
GUMMERSON,** Prison Captain; **LIEUTENANT WILDS,**
Prison Lieutenant; **RICHARD J. COX,** Prison Sergeant;
**CAPTAIN ROURKE,** Prison Captain; **D. SMITH,** Prison
Guard; **EDWARD A. DANN,** Former Deputy
Superintendent, Auburn Corr. Facility; **THOMAS G.
EAGEN,** Director, Inmate Grievance Program;
**K. BELLAMY,** Assistant Director, Inmate Grievance
Program; **GLENN S. GOORD,** Commissioner, New York
State DOCS; **ANTHONY J. ANNUCCI,** Deputy
Commissioner and Counsel; **JOHN/JANE DOE(S),**
Movement & Classification; **EDWARD R. DONNELLY,**
Superintendent; **CAPTAIN KEARNEY,** Prison Captain;
**LIEUTENANT HORTEK,** Prison Lieutenant; **PRISON
GUARD HARRISON; PRISON GUARD MARRS;
PRISON GUARD DAMACHE; PRISON GUARD BALL;
PRISON GUARD HATFIELD;** and **DONALD SELSKY**

                                    **Defendants.**

---

**APPEARANCES**                                               **OF COUNSEL**

**TYHEEM ALLAH**
**90-B-0548**
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York 12589
Plaintiff *pro se*

| | |
|---|---|
| **OFFICE OF THE NEW YORK STATE** | **MARIA MORAN, AAG** |
| **ATTORNEY GENERAL** | |
| 615 Erie Boulevard West | |
| Suite 102 | |
| Syracuse, New York 13204 | |
| Attorneys for Defendants | |

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff's second amended complaint sets forth the following causes of action:

(1) against Defendants Goord, Does, Walker, and Cox for retaliatory transfers;

(2) against Defendants Gummerson, Walker, Bellamy, Nelson, Marrs, Goord, Does, Cox, Harrison, Letourneau, Ashby, Wilds, Donnelly, Kearney, Hortek, Ball, and Hatfield for violating his due process rights in retaliation for his exercise of his constitutional rights;

(3) against Defendants Does for denial of hygiene, food, and medical attention;

(4) against Defendants Morgan, Does, Eagen, Nelson, Walker, Parmiter, Dann, Gummerson, Rourke, Wilds, Goord, Selsky, and Annucci for failure to stop the deprivation of Plaintiff's rights;

(5) against Defendants Gummerson, Walker, and Bellamy for denial of back pay for a job of which these Defendants unconstitutionally deprived him;

(6) against Defendants Morgan and Marrs for violating the Eighth Amendment by sexually assaulting him;

(7) against Defendants Morgan, Damache, Walker, Bellamy, Dann, Nelson, Gummerson, and Does for depriving him of the right to practice the religion of his choice;

(8) against Defendants Letourneau, Harrsion, and Does for violating the First Amendment by depriving him of access to the court;

(9) against Defendants Does for violating the Eighth Amendment by depriving him of medical treatment;

(10) against Defendants Letourneau, Does, Wilds, Hortek, and Smith for violating the Eighth Amendment by using, or allowing others to use, excessive force against him.

Currently before the Court are Plaintiff's objections to Magistrate Judge Homer's February 15, 2005 Report-Recommendation and Order ("RRO"), in which he recommended that the Court (1) grant Defendants'[1] motion for summary judgment with respect to Plaintiff's first, second, fourth, fifth, sixth, seventh, eighth, and tenth causes of action and enter judgment in favor of all Defendants named in those claims, (2) dismiss Plaintiff's complaint without prejudice with respect to Defendants Doe, Smith, Dann, Hortek, Harrison, and Ball,[2] (3) dismiss Plaintiff's third and ninth causes of action without prejudice, and (4) deny Plaintiff's cross-motion for summary judgment.

## II. BACKGROUND[3]

Magistrate Judge Homer issued a thorough and well-reasoned RRO, in which he

---

[1] Defendants Cox, Walker, Perkins, Ashby, Nelson, Morgan, Parmiter, Letourneau, Gummerson, Wilds, Rourke, Eagen, Bellamy, Goord, Annucci, Donnelly, Kearney, Marr, Gamache, Hatfield, and Selsky brought the motion for summary judgment.

[2] These Defendants have neither appeared nor been served.

[3] The Court incorporates the facts set forth in Magistrate Judge Homer's RRO by reference.

concluded (1) that Plaintiff has produced no evidence that he appealed grievance AUB-31467-99 (seventh cause of action); (2) that Plaintiff's grievances AUB-31417-99 (fourth cause of action) and AUB-31789-99 (sixth cause of action) do not assert that Defendants' actions were retaliatory; (3) that, therefore, Plaintiff has not exhausted his administrative remedies with respect to his fourth, sixth, and seventh causes of action; (4) that Plaintiff has presented no evidence that Defendants Goord, Walker, Donnelly, Perkins, Eagen, Bellamy, Selsky, and Annucci were personally involved in the wrongs that he alleges; (5) that none of the named Defendants had authority to transfer Plaintiff between prisons or to designate him as a Central Monitoring Case ("CMC"); (6) that Defendants have produced evidence that they had legitimate security concerns for reassigning Plaintiff to a different job; (7) that Plaintiff has failed to produce any evidence that his job reassignment was an adverse action; (8) that Defendants have produced evidence that they would have denied Plaintiff a visit from his fiancé regardless of his protected conduct; (9) that Plaintiff has not produced evidence of a causal connection between his protected conduct and an alleged assault, Defendants' alleged refusal to let him leave his cell, and Defendants' alleged destruction of his legal papers; (10) that prisoners do not have a protected interest in their job assignments; (11) that Plaintiff's Eighth Amendment claim arising out of the January 14, 1999 incident (sixth cause of action) is time barred; (12) that Plaintiff's allegations of sexual assault (sixth cause of action) are not sufficiently serious to state an Eighth Amendment claim; (13) that Plaintiff has not produced evidence of a sufficient serious injury (tenth cause of action) to state an Eighth Amendment excessive force claim; (14) that the outside authority of the New York Board of Rabbis determined not to recognize his alleged conversion (seventh cause of action); (15) that Plaintiff has not specified of what legal materials Defendants

allegedly deprived him or what actual injury he suffered as a result of this alleged deprivation (eighth cause of action); and (16) that Plaintiff has failed to demonstrate a likelihood of success or a sufficiently serious question going to the merits to support a preliminary injunction preventing his transfer to the Auburn Correctional Facility ("ACF"), where he claims he would be in imminent danger.

In objection to Magistrate Judge Homer's RRO, Plaintiff contends (1) that he has submitted evidence that he exhausted grievance AUB-31467-99; (2) that, liberally construed, grievances AUB-31417-99 and AUB-31789-99 allege retaliation; (3) that he explained during the investigation of AUB-31789-99 that he had been subjected to retaliation; (4) that he has presented evidence that Defendants Goord, Walker, Donnelly, Perkins, Eagen, Bellamy, Selsky, and Annucci were involved in his alleged injuries; (5) that Defendants believed that they had authority to transfer Plaintiff and acted on that belief; (6) that his designation as CMC is clearly erroneous since it came almost nine years after he entered the DOCS; (7) that Defendants have produced no credible evidence of a legitimate security concern as a basis for their reassignment of him to a new job; (8) that Defendants made up a new policy just to prevent him from seeing his fiancé; (9) that Defendants told him that they were refusing to let him out of his cell and destroying his legal papers in retaliation for his exercise of his constitutional rights; (10) that the fact that Defendants reassigned him to a new job in retaliation for his exercise of his constitutional rights establishes an adverse action; (11) that insofar as he failed to file the instant action within the applicable statute of limitations, he should be excused from doing so because Defendants destroyed his legal papers; (12) that DOCS officials deliberately lost his legal papers in June 2003; (13) that Defendants Goord and Walker had culpable minds in allowing Plaintiff to

be transferred back to ACF, where they knew that Defendant Cox had attacked him; (14) that Defendants sexually assaulted him in retaliation for his exercise of his constitutional rights; (15) that Defendants themselves rather than another inmate used excessive force against him; (16) that DOCS officials rather than the New York Board of Rabbis denied his change of religion; (17) that Defendants deprived him of all of this legal materials, which deprivation prevented him from defending his action; (18) that his failure to satisfy certain statutes of limitations establishes his denial of access to the courts claim; and (19) that Defendants may send him back to ACF at any time, where he may be attacked or killed.

### III. DISCUSSION

**A.    Standard of review**

If a party files specific, written objections to a magistrate judge's recommended disposition, the district court reviews the matters to which he filed objections *de novo*. *See* Fed. R. Civ. P. 72(b). The court reviews matters to which there are no objections for clear error. *See id.* (advisory committee note). The court "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.*

A court may grant summary judgment when the moving party carries its burden of showing the absence of a genuine issue of material fact. *See* Fed. R. Civ. P. 56(c). In making this determination, the court must resolve all ambiguities and draw all reasonable inferences in a light most favorable to the non-moving party. *See Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citation omitted). If the moving party has met its burden, the nonmoving party may

not rely upon his pleadings but must come forward with specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). "A dispute is not 'genuine' unless 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *N.Y. Stock Exch., Inc. v. N.Y., N.Y. Hotel, LLC*, 293 F.3d 550, 554 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

**B.   Seventh cause of action[4]**

Plaintiff objects to Magistrate Judge Homer's conclusion that he has produced no evidence that he appealed grievance AUB-31467-99.[5] He contends that he exhausted his administrative remedies with respect to this grievance and cites paragraphs in his verified complaint[6] and his affidavit to support this contention. However, Plaintiff's statements in these documents merely state that he "raised" this grievance with various Defendants. He does not state that he appealed the disposition of his grievance in a timely fashion and in accordance with the applicable regulations. Plaintiff's vague statements are insufficient to raise a genuine issue

---

[4] The Court addresses Plaintiff's causes of action in the same order as did Magistrate Judge Homer in his RRO.

[5] Plaintiff filed grievance AUB-31467-99 on March 16, 1999, alleging that Defendant Damache did not allow him to serve in his capacity as a representative on the Inmate Liaison Committee because Plaintiff was a member of the Nation of Islam. He also alleged that Defendants Gummerson, Rourke, and Dann informed him that this problem would be resolved but that it was not.

[6] The Court notes that, although a verified complaint may provide proper summary judgment evidence, in order to do so its statements must satisfy the requirements of Rule 56(e) of the Federal Rules of Civil Procedure: affidavits must be "made on personal knowledge," "set forth such facts as would be admissible in evidence," and "show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); *see Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) (citations omitted).

with respect to exhaustion. Accordingly, for the reasons that Magistrate Judge Homer set forth in his RRO, as well as those discussed above, the Court grants Defendants' motion and denies Plaintiff's cross-motion for summary judgment with respect to Plaintiff's seventh cause of action.

### C.     Fourth and sixth causes of action

Plaintiff objects to Magistrate Judge Homer's conclusion that grievances AUB-31417-99[7] and AUB-31789-99[8] do not assert that Defendants' actions were retaliatory. He contends that both grievances assert retaliation and that, during the course of the investigation of AUB-31789-99, he told someone that the conduct that he was challenging was done in retaliation for his constitutional rights. Neither of these contentions has merit. First, a grievance asserting "harassment" or "sexual assault" does not necessarily convey that the offensive conduct was taken in retaliation for his exercise of his constitutional rights. Second, Plaintiff does not state when, by what means, or to whom he said that grievance AUB-31789-99 involved retaliation. Accordingly, for the reasons that Magistrate Judge Homer set forth in his RRO, as well as those discussed above, the Court grants Defendants' motion and denies Plaintiff's cross-motion for summary judgment with respect to Plaintiff's fourth and sixth causes of action.

### D.     Personal involvement

Plaintiff objects to Magistrate Judge Homer's conclusion that he has presented no

---

[7] Plaintiff filed grievance AUB-31417-99 on March 4, 1999, alleging that Defendant Nelson denied him a weekend visit with his fiancé to which he believed he was entitled.

[8] Plaintiff filed grievance AUB-31789-99 on May 20, 1999, alleging that Defendant Marrs sexually assaulted him during the course of a frisk.

evidence that Defendants Goord, Walker, Donnelly, Perkins, Eagen, Bellamy, Selsky, and Annucci were personally involved in the wrongs that he alleges and cites to paragraphs in his verified complaint to support his contention. However, Plaintiff's citations have at least two problems. First, although Plaintiff states several times that certain Defendants knew certain things or approved certain actions, he does not provide facts indicating that he is competent to testify to Defendants' knowledge or approval. Second, although Plaintiff states that he informed or raised grievances with Defendants with respect to various matters, these assertions are insufficient for the Court to determine that Defendants were personally involved. A supervisory defendant may be personally involved if he fails to properly respond after being informed of a problem **by means of an appeal or a report**. *See Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997) (citation omitted). Plaintiff's assertions fail to indicate the manner in which he allegedly informed Defendants about his alleged constitutional injuries. Accordingly, for the reasons that Magistrate Judge Homer set forth in his RRO, as well as those discussed above, the Court grants Defendants' motion and denies Plaintiff's cross-motion for summary judgment with respect to Defendants Goord, Walker, Donnelly, Perkins, Eagen, Bellamy, Selsky, and Annucci.

**E.     First cause of action**

Plaintiff objects to Magistrate Judge Homer's conclusion that none of the named Defendants had authority to transfer him between prisons or to designate him as CMC. He contends that the named Defendants believed that they had that authority and acted upon that belief. It is unclear what Plaintiff's contention means. The only evidence that Plaintiff has presented that the named Defendants transferred him in retaliation for his exercise of his

constitutional rights is his assertion that Defendant Cox told him that Defendants Goord and Walker so acted. *See* Second Amended Complaint at ¶ 34. This assertion is insufficient to raise a genuine issue with respect to whether the named Defendants acted in excess of their legal authority and transferred Plaintiff between prisons and designated him as CMC. Accordingly, for the reasons that Magistrate Judge Homer set forth in his RRO, as well as those discussed above, the Court grants Defendants' motion and denies Plaintiff's cross-motion for summary judgment with respect to Plaintiff's first cause of action.

### F.     Second cause of action

Plaintiff objects to Magistrate Judge Homer's conclusions that Defendants have produced evidence that they had legitimate security concerns for reassigning him to a different job; that he has failed to produce any evidence that his job reassignment was an adverse action; that Defendants have produced evidence that they would have denied Plaintiff a visit from his fiancé regardless of his protected conduct; and that he has not produced evidence of a causal connection between his protected conduct and an alleged assault, Defendants' alleged refusal to let him leave his cell, and Defendants' alleged destruction of his legal papers. He contends that Defendants have produced no credible evidence of a legitimate security concern for their reassignment of him to a new job; that the fact that Defendants reassigned him to a new job in retaliation for his exercise of his constitutional rights establishes an adverse action; that Defendants made up a new policy just to prevent him from seeing his fiancé; and that Defendants told him that they were refusing to let him out of his cell and destroying his legal papers in retaliation for his exercise of his constitutional rights.

Despite Plaintiff's contentions, he has not shown that his job reassignment was an adverse action. Even if Defendants made the reassignment for an improper purpose, Plaintiff would, at a minimum, have to show that the reassignment itself negatively impacted him in some way. *Cf. Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) ("'Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation.'") (quotation and other citation omitted). He has not done so. Since he has failed to produce evidence of an adverse action, the Court need not consider whether Defendants have produced evidence of a legitimate security concern.

Plaintiff has also failed to rebut Defendants' evidence that their actions conformed to their standard visitation policy or to produce sufficient evidence to raise a genuine issue with respect to whether Defendants allegedly refused to let him out of his cell and destroyed his legal papers in retaliation for his exercise of his constitutional rights. Although he states "that defendants told me" that they were acting in retaliation, he does not indicate who told him this or when. Accordingly, for the reasons that Magistrate Judge Homer set forth in his RRO, as well as those discussed above, the Court grants Defendants' motion and denies Plaintiff's cross-motion for summary judgment with respect to Plaintiff's second cause of action.

**G.   Fifth cause of action**

Plaintiff objects to Magistrate Judge Homer's conclusion that he is not entitled to back pay, again contending that Defendants reassigned him in retaliation for his exercise of his due process rights. However, his concession that he does not have a right to any particular prison job

is fatal to his claim. Accordingly, for the reasons that Magistrate Judge Homer set forth in his RRO, as well as those discussed above, the Court grants Defendants' motion and denies Plaintiff's cross-motion for summary judgment with respect to Plaintiff's fifth cause of action.

### H.     Sixth and tenth causes of action

Plaintiff objects to Magistrate Judge Homer's conclusion that Plaintiff's Eighth Amendment claim arising out of the January 14, 1999 incident is time barred; that Plaintiff's allegations of sexual assault are not sufficiently serious to state an Eighth Amendment claim; and that Plaintiff has not produced evidence of a sufficient serious injury to state an Eighth Amendment excessive force claim. He contends that, insofar as he failed to file the instant action within the applicable statutes of limitations, he should be excused from doing so because Defendants destroyed his legal papers; that Defendants Goord and Walker had culpable minds in allowing him to be transferred back to ACF, where they knew that Defendant Cox had attacked him; that Defendants sexually assaulted him in retaliation for his exercise of his constitutional rights; and that Defendants themselves rather than another inmate used excessive force against him.

Plaintiff's objections are unavailing for two reason. First, he has still failed to show that any of the assaults that he allegedly suffered were sufficiently serious to rise to the level of an Eighth Amendment violation. Second, although he states that Defendants Goord and Walker knew that his life would be in danger if they transferred him back to ACF, he did not name these Defendants in his Eighth Amendment claims. Accordingly, for the reasons that Magistrate Judge

Homer set forth in his RRO, as well as those discussed above, the Court grants Defendants' motion and denies Plaintiff's cross-motion for summary judgment with respect to Plaintiff's sixth and tenth cause of action.

## I.     Seventh cause of action

Plaintiff objects to Magistrate Judge Homer's conclusion that the outside authority of the New York Board of Rabbis, rather than Defendants, determined not to recognize his alleged conversion. He contends, without supporting citation, that Defendant officials claimed he could not change his religion.

Regardless of the truth of Plaintiff's contention, there is a more fundamental problem with Defendants' conduct with regard to this claim. Plaintiff's second amended complaint alleges that Defendants prevented him from practicing the Jewish faith and denied him religiously appropriate food. Prisoners retain the freedom of worship, subject only to those restrictions that are justified by an "'important or substantial government interest.'" *Kahane v. Carlson*, 527 F.2d 492, 495 (2d Cir. 1975) (quotation and footnotes omitted). As part of this freedom, "prison authorities must accommodate the right of prisoners to receive diets consistent with their religious scruples." *Id.* (citations omitted). In determining whether a particular prisoner is entitled to a reasonable accommodation in order to practice his asserted religion, a court must determine "'whether the beliefs professed by a [claimant] are sincerely held and whether they are, in his own scheme of things, religious.'" *Patrick v. LeFevre*, 745 F.2d 153, 157 (2d Cir. 1984) (quotation omitted).

Defendants argue that they were justified in not reasonably accommodating Plaintiff's

-13-

alleged Jewish beliefs because the New York Board of Rabbis did not recognize Plaintiff's alleged conversion. The Second Circuit has determined that prison officials may not simply defer to religious authorities in determining whether a particular prisoner is entitled to a reasonable accommodation of his asserted religion. *See Jackson v. Mann*, 196 F.3d 316, 320 (2d Cir. 1999) (citation omitted). In the instant case, assuming that the New York Board of Rabbis refused to recognize Plaintiff's alleged conversion to Judaism, that fact alone is not determinative of whether Plaintiff's alleged sincerely held, religious beliefs required reasonable accommodation. Therefore, Defendants are not entitled to summary judgment on Plaintiff's seventh cause of action merely because of the purported actions of the New York Board of Rabbis.

Defendants also contend that Plaintiff's alleged beliefs are not sincerely held because he decided to convert to Judaism because he perceived that Jewish prisoners were better treated than were members of the Nation of Islam. There is some evidence in the record that suggests that Plaintiff's initial interest in Judaism was based upon this perception. *See* Defendants' Exhibit "R" at 5-6. However, this evidence is not determinative of whether Plaintiff has sincerely held religious beliefs that Defendants must reasonably accommodate. It is easily conceivable that, although a person's initial interest in a religion may be based upon some seemingly non-religious reason, he could eventually come to hold sincerely to that religion.

The question remains, however, whether there is a genuine issue as to whether Plaintiff had sincerely held religious beliefs that Defendants failed to reasonably accommodate. Defendants clearly put Plaintiff on notice of this issue: "defendants submit that the plaintiff has not demonstrated that his belief in the Jewish religion was 'sincerely held.'" *See* Defendants'

-14-

Memorandum of Law at 25.  Plaintiff states that his "reason for wanting to change his Religion to Judaism was due to him studying Judaism then seeking to practice Judaism according to the dictates of his conscience."  *See* Plaintiff's Statement of Material Facts at ¶ 16.  However, such a conclusory statement is insufficient to defeat a summary judgment motion.  *See Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) (quotation omitted).  Without some indication of the nature and content of Plaintiff's beliefs, how he came to hold them, and what difference they made in his life, a reasonable jury would be unable to determine whether he sincerely possessed beliefs that were, in his scheme of things, religious.  Accordingly, the Court grants Defendants' motion and denies Plaintiff's cross-motion for summary judgment with respect to Plaintiff's seventh cause of action.[9]

## J.     Eighth cause of action

Plaintiff objects to Magistrate Judge Homer's conclusion that he has not specified of what legal materials Defendants allegedly deprived him or what actual injury he suffered as a result of this alleged deprivation.  He contends that Defendants deprived him of all of his legal materials and that this caused him to be unable to defend his action and that his failure to satisfy certain statutes of limitations establishes his denial of access to the courts claim.  However, Plaintiff has still failed to indicate the nature of the legal materials of which Defendants allegedly

---

[9] Although Magistrate Judge Homer did not address the issue, Defendants argue that, even if they were mistaken in relying upon the decision of any outside religious authority, they are entitled to qualified immunity because the legal prohibition of such reliance was not clearly established at the time of the alleged constitutional violation.  Since the Court finds that Plaintiff has not established a constitutional violation, it need not rule on the issue of qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001).  However, the Court notes, without deciding, that it is unlikely that Defendants are entitled to qualified immunity with respect to Plaintiff's seventh cause of action.  *See Jackson*, 196 F.3d at 321 (quotations and other citation omitted).

deprived him. Without a more specific indication of what materials were involved, it is impossible for the Court to determine whether Plaintiff likely suffered a legally cognizable injury as a result of this alleged deprivation. Accordingly, for the reasons that Magistrate Judge Homer set forth in his RRO, as well as those discussed above, the Court grants Defendants' motion and denies Plaintiff's cross-motion for summary judgment with respect to Plaintiff's eighth cause of action.

### K.     Injunctive relief

Plaintiff objects to Magistrate Judge Homer's conclusion that he has failed to demonstrate a likelihood of success or a sufficiently serious question going to the merits to support a preliminary injunction preventing his transfer to ACF. He contends that Defendants may send him back to ACF at any time, where he may be attacked or killed. As Magistrate Judge Homer noted elsewhere in his RRO, the named Defendants do not have the authority to transfer Plaintiff from one facility to another. Accordingly, for the reasons that Magistrate Judge Homer set forth in his RRO, as well as those discussed above, the Court grants Defendants' motion and denies Plaintiff's cross-motion for summary judgment with respect to Plaintiff's request for injunctive relief.

### L.     Plaintiff's other causes of action and unserved Defendants

Plaintiff did not file objections to Magistrate Judge Homer's recommendations (1) that, because Plaintiff brought his third and ninth causes of action only against unnamed Defendants Does, the Court should dismiss those causes of action without prejudice and (2) that, because Defendants Smith, Dann, Hortek, Harrison, and Ball have not been served, the Court should

dismiss those Defendants without prejudice.  The Court has reviewed the relevant portions of the RRO and finds that these recommendations are not clearly erroroneous.  Accordingly, the Court dismisses Plaintiff's third and ninth causes of action without prejudice and dismisses Plaintiff's complaint without prejudice with respect to Defendants Does, Smith, Dann, Hortek, Harrison, and Ball.

### IV. CONCLUSION

After carefully considering Magistrate Judge Homer's Report-Recommendation and Order, Plaintiff's objections thereto, the relevant parts of the record, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Homer's Report-Recommendation and Order, dated February 15, 2005, is **ADOPTED IN ITS ENTIRETY**; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED** with respect to Plaintiff's first, second, fourth, fifth, sixth, seventh, eighth, and tenth causes of action; and the Court further

**ORDERS** that Plaintiff's third and ninth causes of action are **DISMISSED WITHOUT PREJUDICE**; and the Court further

**ORDERS** that Defendants Does, Smith, Dann, Hortek, Harrison, and Ball are **DISMISSED WITHOUT PREJUDICE**; and the Court further

**ORDERS** that Plaintiff's cross-motion for summary judgment is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court enter judgment in favor of Defendants and close

this case.

**IT IS SO ORDERED**.

Dated: April 20, 2005
       Syracuse, New York

                                                  Frederick J. Scullin, Jr.
                                                  Chief United States District Court Judge